UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

COURTNEY MEADOR                                      CIVIL ACTION NO. 22-cv-1287

VERSUS                                                           JUDGE ELIZABETH E. FOOTE

STATE FARM FIRE & CASUALTY CO        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Courtney Meador ("Plaintiff") filed this civil action based on an assertion of diversity jurisdiction, which puts the burden on her to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The allegations regarding Plaintiff's citizenship and the amount in controversy are sufficient, but more information is needed with regard to the citizenship of State Farm.

The complaint alleges that State Farm is "a foreign insurance company domiciled in the State of Illinois." The complaint does not allege whether State Farm is a corporation or some form of unincorporated entity. If it is a corporation, its citizenship is determined by (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

If State Farm is an unincorporated entity, such as an LLC, its citizenship is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Plaintiff must file an amended complaint that specifically alleges whether State Farm is a corporation or some form of unincorporated entity. If it is a corporation, the complaint must allege (1) the state in which it is incorporated and (2) the state in which it has its principal place of business. If it is an unincorporated entity, such as an LLC, the complaint must specifically identify its members and allege their citizenship in accordance with the rules set forth above. Alternatively, Plaintiff can request that State Farm include its citizenship information in its answer. The case cannot progress until this information is in the record.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of May, 2022.

Mark L. Hornsby
U.S. Magistrate Judge